IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-CR-30003-DWD |
| | ) |
| FRANK SMITH, | ) |
| WARREN GRIFFIN, | ) |
| ANTHONY DOBBINS, | ) |
| SEAN CLEMON, | ) |
| DOMINIQUE MAXWELL, | ) |
| PERRY HARRIS, and | ) |
| BARRY BOYCE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On January 21, 2021, a grand jury sitting in the Southern District of Illinois returned a thirteen-count indictment against Defendants Frank Smith, Warren Griffin, Anthony Dobbins, Sean Clemon, Dominique Maxwell, Perry Harris, and Barry Boyce. (Doc. 1). The indictment alleges that Defendants operated a racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and 1963(a). In addition to the racketeering charge, Defendants Smith, Clemon, Maxwell, and Harris are charged with murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and Section 2 (Count 2) and with use of a firearm during and in relation to a crime of violence causing death in violation of 18 U.S.C. § 924(j)(1) and Section 2 (Count 4). Defendants Griffin and Harris also are charged with murder in aid of racketeering and with use of a firearm during and in relation to a crime of violence causing death (Counts 11 and 13).

By motion dated February 10, 2021, the United States requests that this Court find this case to be complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). In support thereof, the motion explains that Count 2, 4, 11, and 13 each carry a possible sentence of death. As a result, under the Department of Justice's capital case review protocol, the Attorney General of the United States must review this case to determine whether the United States will or will not seek the death penalty. In addition to the need for capital review, the United States indicates that discovery will be voluminous, including more than 20,000 pages of documents and approximately 1 terabyte of other data, and the racketeering charges themselves raise unusually complex legal issues. At this time, only Defendants Clemon and Maxwell have appeared in this District, and they do not oppose the request for a complex case designation.

Under most circumstances, the Speedy Trial Act requires that trials commence "within seventy days from … the date the defendant has appeared before a judicial officer of the court in which [a] charge is pending." 18 U.S.C. § 3161(c)(1). The seventy-day period can be tolled for a variety of reasons, including where the Court finds that the ends of justice so require because a case is so unusual or so complex that adequate preparation cannot reasonably occur within the established time limits. *See* 18 U.S.C. § 3161(h)(7)(A) and (B)(ii).

Based on the representations by the United States, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court **FINDS** that this case is so unusual or so complex due to the number of defendants, the nature of the prosecution, and the existence of novel questions of fact or law that it is unreasonable to expect adequate preparation for pretrial

proceedings and for the trial itself to occur within the time limits established by 18 U.S.C. § 3161. The Court further **FINDS** that the ends of justice served by allowing additional time to conduct pretrial proceedings and to prepare for trial outweigh the best interest of the public and the defendants in a speedy trial.

For all these reasons, the Court **GRANTS** the Government's motion for designation of matter as a complex case (Doc. 42). The previously set pretrial motion deadlines and jury trial dates are **VACATED** and will be **CONTINUED**. The period of delay resulting from this continuance shall be excluded for purposes of the Speedy Trial Act. The Court **SETS** a counsel-only status conference for March 17, 2021, at 10:00 a.m via Zoom video conference. Counsel for the parties shall be prepared to discuss pretrial deadlines and a new trial date.

**SO ORDERED.**

Dated: February 17, 2021

_____
DAVID W. DUGAN
United States District Judge