IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-CR-30003-DWD |
| | ) | |
| FRANK SMITH, | ) | |
| WARREN GRIFFIN, | ) | |
| ANTHONY DOBBINS, | ) | |
| SEAN CLEMON, | ) | |
| DOMINIQUE MAXWELL, | ) | |
| PERRY HARRIS, and | ) | |
| BARRY BOYCE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for the purpose of case management. On September 28, 2022, the Court conducted a status conference. During the status conference, the undersigned reiterated that pretrial motions will be scheduled for oral argument the week of November 14, 2022. The undersigned also explained that the Court is evaluating its options for conducting oral argument, stating as follows:

> Some of these motions may or may not require testimony and I don't know whether they actually will require testimony. One of the things we are going to be asking you is to provide us with an idea whether any testimony is going to be necessary. There's multiple reasons for this, partly because of the relative size of the courthouse and the demands and needs of other judges who have matters that are going to precede during that week as well, security reasons. That's going to be one of the issues, whether there is going to be any testimony or witnesses necessary, that sort of thing. So we're going to be sending out an order fairly shortly about that so you can give us and my staff an idea whether such is going to be necessary.

> The second thing is that it occurs to me that many of [the] motions don't necessarily require the presence of the defendant, of a defendant. Maybe the moving defendants even it's not necessary. You may disagree with me on that. You may have a motion that you think you want to have your client present on and I respect that. We've been doing some research on that as well as to the degree of which you have to have your client present in the Courtroom in pretrial motion matters. So what I was going to do and will do is give you the opportunity if you wish to have your client present to file a motion for that and provide us with briefing on why that is necessary. We'll get into what the research has indicated to me at least, but I think that might be the most efficient way. Quite frankly, the Marshal's office has requested some orderly fashion on who is going to be here on what day during the week of the 14th. So I want to certainly honor that request given the nature of security issues.

(September 28, 2022 Transcript, pp. 1-2).[1]

On September 30, 2022, apparently in response to the above (and before the Court issued its anticipated order regarding the same), Sean Clemon filed a Motion to be Present for All Court Proceedings (Doc. 493). In the motion, Clemon's counsel expresses his shock and dissatisfaction with what he views as the Court's decision to exclude or "prohibit" his client from appearing at pretrial motion hearings. According to counsel, the fact that *transporting* multiple defendants to the Courthouse would inconvenience the United States Marshal Service ("USMS") is an insufficient reason for excluding an individual, who is facing life imprisonment, from pretrial motion hearings. Counsel then purports to educate the Court on how multi-defendant criminal proceedings have been handled at this courthouse in the past. Counsel refers to the Court's comments as

---

[1] Official transcripts of court proceedings are readily available at a relatively small expense from the reporting court reporter. Transcripts are useful to verify communications made during official court hearings and are often utilized by attorneys in motion preparation.

"extreme", "disturbing", "drastic", and even "draconian," It is evident, upon reviewing Clemon's motion, that his counsel requires clarification.

As an initial matter, the Court appreciates and respects counsel's years of experience in serving criminal defendants in the Southern District of Illinois and in other jurisdictions. Counsel has previously made the Court aware of his *curriculum vitae* and, consequently, it is familiar with it. The undersigned, however, is fully aware of how multi-defendant criminal matters, including the Aryan Brotherhood trial which lasted six months at the courthouse in Benton, Illinois, have been managed. Despite the logistical impediments that often accompany multi-defendant and lengthy trials, the undersigned has expressed no intention of violating any defendant's right to be present, to the extent that such a right exists, at any pretrial hearings.

It is worthwhile to note that, in addition to other proceedings going forward the week of November 14, 2022, at least one other criminal matter is proceeding to trial in the East St. Louis Courthouse. As such, the Court is considering various accommodations, including whether the presence of *all* of the defendants is required at oral argument for *all* of the pending pretrial motions. This leads to the next issue that apparently requires clarification. Counsel appears to believe that the Court has decided to exclude all defendants from appearing at oral argument for all pretrial motions. That is *not* the case.

The undersigned intends to set aside a day (or days) in which the Court will hold oral argument on motions which require the presence of the defendants, and the remaining days will be reserved for oral argument on motions which do *not* require the presence of the defendants (attorneys-only argument). *See* Fed. R. Crim. P. 43(a)

(discussing when a defendant's presence is required); Fed. R. Crim. P. 43(b)(3) (defendant's presence is not required "[a]t a conference or argument upon a question of law."); *U.S. v. Bishawi,* 272 F.3d 458, 462 (7th Cir. 2001) (the constitutional right to presence "exists where there is a reasonably substantial relation to the fullness of opportunity to defend against a charge and to the extent that a fair and just hearing would be thwarted by the defendant's absence."); *United States v. Johnson,* 859 F.2d 1289, 1294 (7th Cir. 1988) ("an accused person has a right to be present at every critical stage of a criminal proceeding against him" and "a pretrial suppression hearing is a critical stage.").

To facilitate this process, the Court is reviewing each party's Notice Regarding Oral Argument[2] and applicable legal authority to determine whether defendants have a right to be present for oral argument as to each motion for which oral argument is requested. Applicable authority indicates that, to the extent a motion involves only questions of law, a defendant's presence is not required. Accordingly, after reviewing each party's Notice Regarding Oral Argument, the Court will issue an order indicating when it intends to schedule that particular defendant's motions for hearing (some motions will be set for hearing on a day when only the attorneys are present and some motions will be set for hearing on a day when defendants are present). The Court's determination will be based on the information provided in each party's Notice Regarding Oral Argument, the Court's independent analysis of the subject motion or

---

[2] Pursuant to prior case management orders, each party must file a Notice Regarding Oral Argument on or before November 4, 2022. Accordingly, no party has missed this deadline. Several parties, however, have already filed the requisite notice.

4

motions, and the controlling law. Once the Court issues an order regarding a specific defendant, that defendant will be given an opportunity to file a written objection to the Court's determination. That briefing should include citation to controlling authority demonstrating that the Court has erroneously concluded that a defendant's presence is not required for argument on a particular motion. The Court will resolve any such objections via a written order.

**IT IS SO ORDERED.**

Dated: October 3, 2022

DAVID W. DUGAN
United States District Judge