IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FRANK SMITH, | )   Case No. 21-CR-30003-DWD |
| WARREN GRIFFIN, | ) |
| ANTHONY DOBBINS, | ) |
| SEAN CLEMON, | ) |
| DOMINIQUE MAXWELL, | ) |
| PERRY HARRIS, and | ) |
| BARRY BOYCE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Consistent with prior directives, the Court has received notice that the CJA counsel of Defendant, Sean Clemons, requested daily expedited transcripts of the trial proceedings in this case. Upon review of the request, the Court notes the furnishing of accelerated transcripts to a defendant in criminal proceedings is discouraged. *See* Guide to Judiciary Policy, Vol. 7, Ch. 3, § 320.30.20. However, circumstances exist where transcripts are necessary and required, such that they may be provided. *See id*. Whether to supply transcripts to indigent defendants is left to the Court's discretion. *U.S. v. Bari*, 750 F.2d 1169, 1181 (2d Cir. 1984); *accord U.S. v. Sliker*, 751 F.2d 477, 491 (2d Cir. 1984).

In cases where accelerated transcripts are allowed, the party requesting that service shall pay for the original transcript. *See* Guide to Judiciary Policy, Vol. 7, Ch. 3, § 320.30.20. The practice of "routinely apportioning" the cost of those transcripts should be abandoned. *See id*. If the case involves multiple CJA defendants, then only one

1

transcript should be purchased on behalf of all the CJA defendants. *See id*. § 320.30.30(a); *accord* Guide to Judiciary Policy, Vol. 6, Ch. 5, § 550.40.30. The CJA-appointed counsel or the Clerk of the Court should then arrange for the duplication of copies of the transcript, at commercially competitive rates, for each CJA defendant for whom a transcript was approved. *See* Guide to Judiciary Policy, Vol. 7, Ch. 3, § 320.30.20(a); Guide to Judiciary Policy, Vol. 6, Ch. 5, § 550.40.30(a)(2). The cost associated with the duplication shall be charged to the CJA appropriation. *See* Guide to Judiciary Policy, Vol. 7, Ch. 3, § 320.30.20(a); Guide to Judiciary Policy, Vol. 6, Ch. 5, § 550.40.30(a)(3). Therefore, if the Government also seeks accelerated transcripts, then it shall bear such costs, with the CJA counsel responsible for paying the copy rate and then seeking reimbursement from the CJA funds. *See United States v. Darden*, 346 F. Supp. 3d 1096, 1105 (M.D. Tenn. 2018).

In light of these principles, the Court **DIRECTS** any CJA counsel, desiring daily expedited transcripts of the trial proceedings, to file an ex parte budget motion under 28 U.S.C. § 3006A(e)(1), stating the specific bases on which the request is justified. *See Darden*, 346 F. Supp. 3d at 1104-05 (Discussing factors rendering daily expedited transcripts "invaluable" to defendants at trial); *Bari*, 750 F.2d at 1181-82 (stating, in the context of § 3006A, the Government's need for daily transcripts should be regarded as conclusive evidence of a similar need by the defendants).

Furthermore, in any ex parte budget motion for daily expedited transcripts, the CJA counsel is **DIRECTED** to state whether he or she believes realtime unedited and uncertified transcripts may serve as an adequate alternative to expedited daily transcripts. The Court notes that the judicial conference has established the following

rates for realtime feeds: $3.05 per page for the first user; $2.10 per page for users two through four; and $1.05 per page for five or more users. The Court also notes that obtaining realtime transcripts requires the requesting attorney to complete the Realtime Unedited Transcript Disclaimer attached at Doc. 511-1.

**SO ORDERED.**

Dated: October 5, 2022.

s/ David W. Dugan
_____
DAVID W. DUGAN
United States District Judge