**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-CR-30003-DWD** |
| | ) | |
| **FRANK SMITH,** | ) | |
| **WARREN GRIFFIN,** | ) | |
| **ANTHONY DOBBINS,** | ) | |
| **SEAN CLEMON,** | ) | |
| **DOMINIQUE MAXWELL,** | ) | |
| **PERRY HARRIS, and** | ) | |
| **BARRY BOYCE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

The parties have submitted a proposed Special Questionnaire to be completed by the Qualified Jurors (those jurors remaining after completion of the Qualifying and Supplemental questionnaires) (Doc. 389). The purpose of the questionnaire is to provide an initial means to expose and possibly identify certain bias or prejudice. The Special Questionnaire (in addition to the previously completed Qualifying and Supplemental questionnaires) will also assist the Court and counsel with the task of identifying those in the venire that should be struck for cause, inform counsel as to potential topics for follow-up questioning during individual *voir dire*,[1] and guide counsel's later decision to exercise a peremptory challenge. *See "Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991) (*Voir*

---

[1] The Court intends to conduct all *voir dire* examination (Doc. 436). As such, any follow-up questions should be included in the parties suggested voir dire questions, to be submitted to the Court on or before 11:00 a.m. on Tuesday, January 17, 2023 (Doc. 436).

*dire* examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges."). The questionnaires, however, are only a starting point – no amount of written questioning can completely replace the individual *voir dire* process.

The proposed Special Questionnaire submitted by the parties includes 103 questions. Some of the questions were agreed to by all parties, and some of the questions were submitted noting that one or more parties objected. The Court finds that this number of questions is excessive. The Court has eliminated questions that it deems improper or duplicative. The Court has also eliminated questions that it anticipates addressing during individual *voir dire*.

The Court finds that the parties' proposed Special Questionnaire, as modified by the undersigned, is sufficient to assist the parties and the Court prepare for *voir dire*. The Court's decision is final in this respect, and, despite objections to the same, the Court will not entertain further argument as to the substance of these questions. Accordingly, all motions to reconsider allowing further briefing or argument on the matter (Docs. 502, 496, and 495) are **DENIED**. *See Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981) ("Because the obligation to impanel an impartial jury lies in the first instance with the trial judge, and because he must rely largely on his immediate perceptions, federal judges have been accorded ample discretion in determining how best to conduct the *voir dire*."). However, because the Court has revised the numbering and formatting of the questionnaire, the Court will provide the parties with a copy of the Court's Special

Questionnaire (via email). The parties have until **noon on October 10, 2022**, to bring to the Court's attention any typographical errors or formatting issues. The parties are reminded that Qualified Jurors will be directed to complete the Special Questionnaire online using eJuror, and the eJuror formatting will differ, in some respects, from the written Special Questionnaire.

       **IT IS SO ORDERED.**

       Dated: October 6, 2022

                                           DAVID W. DUGAN
                                         United States District Judge