IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-CR-30003-DWD |
| ) | |
| FRANK SMITH, ) | |
| WARREN GRIFFIN, ) | |
| ANTHONY DOBBINS, ) | |
| SEAN CLEMON, ) | |
| DOMINIQUE MAXWELL, ) | |
| PERRY HARRIS, and ) | |
| BARRY BOYCE, ) | |
| ) | |
| Defendants. ) | |

<u>ORDER REGARDING ORAL ARGUMENT
AS TO PRETRIAL MOTIONS FILED BY FRANK SMITH</u>

BACKGROUND

The Court has set aside the week of November 14, 2022, for oral argument on pretrial motions. The undersigned intends to set aside a day (or days) in which the Court will hold oral argument on motions which require the presence of the defendants, and the remaining days will be reserved for oral argument on motions which do *not* require the presence of the defendants (attorneys-only argument). *See* Fed. R. Crim. P. 43(a) (discussing when a defendant's presence is required); Fed. R. Crim. P. 43(b)(3) (defendant's presence is not required "[a]t a conference or argument upon a question of law."); *U.S. v. Bishawi,* 272 F.3d 458, 462 (7th Cir. 2001) (the constitutional right to presence "exists where there is a reasonably substantial relation to the fullness of opportunity to defend against a charge and to the extent that a fair and just hearing would be thwarted

1

by the defendant's absence."); *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1988) ("an accused person has a right to be present at every critical stage of a criminal proceeding against him" and "a pretrial suppression hearing is a critical stage.").

To assist the Court in evaluating each motion, the Court directed the parties to file a notice of oral argument on or before November 4, 2022. The notice directed the parties to list all pending motions and to affirmatively state whether oral argument is or is not being requested as to each pending motion. Further, as to any motion for which oral argument is being requested, the parties were directed to specify whether the motion (1) involves only argument on a question of law or (2) involves consideration of fact issues, and if so, whether any witnesses will be called to testify. Defendant Frank Smith filed his amended notice on October 21, 2022 (Doc. 549).

## DISCUSSION

Smith presently has eight pretrial motions pending:[1]

1. Motion to Suppress Electronic Surveillance (Doc. 390);[2]
2. Motion to Strike Surplusage (Doc. 440);
3. Motion to Suppress Electronic Surveillance (Doc. 441);
4. Motion to Suppress Statements (Doc. 442);
5. Motion for Disclosure of *Brady* and *Giglio* Evidence (Doc. 443);
6. Motion for Written Proffer & Pretrial Determination of Admissibility (Doc. 444);
7. Motion to Permit Attorney *Voir Dire* (Doc. 500);
8. Motion to Permit Additional Peremptory Challenges of Potential Jurors (Doc. 501).

---

[1] This does not include Smith's motions in limine (Docs. 536-39). The Court will enter a separate order addressing oral argument as to all pending motions in limine.
[2] This motion was filed by Sean Clemon on behalf of himself, Frank Smith, and Dominique Maxwell.

In his notice, Smith indicates that:

1. He is not requesting oral argument as to the Motion to Strike Surplusage Pursuant to Federal Rule of Criminal Procedure 7(d) (Doc. 440) or the Motion for a Written Proffer and Pretrial Determination of Admissibility of Co-Conspirators' Statements Under Federal Rule of Evidence 801(d)(2)(E) (Doc. 444);

2. He is requesting oral argument as to the Motion to Suppress the Contents of Electronic Surveillance (Doc. 441), the Motion to Suppress Statements (Doc. 442), the Motion for Disclosure of *Brady* and *Giglio* Evidence (Doc. 443), the Motion to Permit Attorney *Voir Dire* (Doc. 500); and the Motion to Permit Additional Peremptory Challenges of Potential Jurors (Doc. 501);

3. The Motion for Disclosure of *Brady* and *Giglio* Evidence (Doc. 443), the Motion to Permit Attorney *Voir Dire* (Doc. 500), and the Motion to Permit Additional Peremptory Challenges of Potential Jurors (Doc. 501) only involve arguments on questions of law; and

4. The Motion to Suppress the Contents of Electronic Surveillance (Doc. 441) and the Motion to Suppress Statements (Doc. 442) will require consideration of fact issues. Smith's notice does not address the Motion to Suppress the Contents of electronic Surveillance (Doc. 390) that was filed by Co-Defendant Sean Clemon, purportedly on behalf of Clemon, Smith, and Maxwell.

Having reviewed the subject motions and Smith's notice regarding the same, and considering the applicable authority, the Court **ORDERS** as follows:

### *Oral Argument – Defendants Present*:

The following motions will be set for oral argument the week of November 14, 2022, at a date and time when Defendants are present:

1. Motion to Suppress the Contents of Electronic Surveillance (Doc. 441)
2. Motion to Suppress Statements (Doc. 442)

### *Oral Argument – Attorneys Only*

The following motions will only involve argument on a question of law. Neither Smith, nor any co-defendant, must be present when these motions are presented to the Court. The Court will set these motions for oral argument the week of November 14, 2022, on a day reserved for attorneys-only argument:

1. Motion for Disclosure of *Brady* and *Giglio* Evidence (Doc. 443),
2. Motion to Permit Attorney *Voir Dire* (Doc. 500), and
3. Motion to Permit Additional Peremptory Challenges of Potential Jurors (Doc. 501).

### *No Oral Argument*

The following motions will *not* be set for oral argument:

1. Motion to Strike Surplusage (Doc. 440), and
2. Motion for a Written Proffer & Pretrial Determination of Admissibility (Doc. 444).

### *Suppression Motion Filed by Co-Defendant Clemon*

Smith's notice does not address the suppression motion filed by Co-Defendant Sean Clemon (Doc. 390), purportedly filed on behalf of Clemon, Smith, and Maxwell. Smith's counsel has indicated that he was not aware this motion was filed on his client's behalf, and that he does not intend to present oral argument as to this motion. This motion, however, will be set for oral argument on a date when Defendants are present based on the information contained in Clemon's notice as to oral argument.

The Court will provide additional information regarding the date and time the specified motions will be heard in a separate order.

**IT IS SO ORDERED.**

Dated: November 2, 2022

*s/David W. Dugan*
DAVID W. DUGAN
United States District Judge

4