IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-CR-30003-DWD |
| | ) | |
| FRANK SMITH, | ) | |
| WARREN GRIFFIN, | ) | |
| ANTHONY DOBBINS, | ) | |
| SEAN CLEMON, | ) | |
| DOMINIQUE MAXWELL, | ) | |
| PERRY HARRIS, and | ) | |
| BARRY BOYCE, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER REGARDING ORAL ARGUMENT
AS TO PRETRIAL MOTIONS FILED BY WARREN GRIFFIN

BACKGROUND

The Court has set aside the week of November 14, 2022, for oral argument on pretrial motions. The undersigned intends to set aside a day (or days) in which the Court will hold oral argument on motions which require the presence of the defendants, and the remaining days will be reserved for oral argument on motions which do *not* require the presence of the defendants (attorneys-only argument). *See* Fed. R. Crim. P. 43(a) (discussing when a defendant's presence is required); Fed. R. Crim. P. 43(b)(3) (defendant's presence is not required "[a]t a conference or argument upon a question of law."); *U.S. v. Bishawi,* 272 F.3d 458, 462 (7th Cir. 2001) (the constitutional right to presence "exists where there is a reasonably substantial relation to the fullness of opportunity to defend against a charge and to the extent that a fair and just hearing would be thwarted

by the defendant's absence."); *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1988) ("an accused person has a right to be present at every critical stage of a criminal proceeding against him" and "a pretrial suppression hearing is a critical stage.").

To assist the Court in evaluating each motion, the Court directed the parties to file a notice of oral argument on or before November 4, 2022. The notice directed the parties to list all pending motions and to affirmatively state whether oral argument is or is not being requested as to each pending motion. Further, as to any motion for which oral argument is being requested, the parties were directed to specify whether the motion (1) involves only argument on a question of law or (2) involves consideration of fact issues, and if so, whether any witnesses will be called to testify. Defendant Warren Griffin filed his notice on November 3, 2022 (Doc. 570).

## DISCUSSION

Griffin presently has eight pretrial motions pending:

1. Motion to Exclude Testimony and Evidence Regarding Historical Sell Site Information and Dellebrite UFED Tool (Doc. 400);
2. Motion to Suppress Electronic Surveillance (Doc. 464);
3. Motion to Suppress Physical Evidence and Statements (Doc. 465);
4. Motion to Suppress Identification (Doc. 466);
5. Motion to Sever (Doc. 468);
6. Motion for Disclosure of *Brady* and *Giglio* Evidence (Doc. 443), pursuant to the Court's grant of Griffin's Motion to Join that Motion (Doc. 469);
7. Motion for a Written Proffer and Pretrial Determination of Admissibility of Co-Conspirators' Statements Under Federal Rule of Evidence 801(d)(2)(E) (Doc. 391), pursuant to the Court's grant of Griffin's Motion to Join (Doc. 470); and
8. Motion for a Written Proffer and Pretrial Determination of Admissibility of Co-Conspirators' Statements Under Federal Rule of Evidence 801(d)(2)(E) (Doc. 444), pursuant to the Court's grant of Griffin's Motion to Join (Doc. 470).

In his notice, Griffin indicates that:

1. He is requesting oral argument as to each of the above-described motions.

2. The Motion for Disclosure of *Brady* and *Giglio* Evidence (Doc. 443) and the separate Motions for a Written Proffer and Pretrial Determination of Admissibility of Co-Conspirators' Statements Under Federal Rule of Evidence 801(d)(2)(E) (Docs. 391 and 444) will only require argument on questions of law;

3. The Motion to Exclude Testimony and Evidence Regarding Historical Sell Site Information and Dellebrite UFED Tool (Doc. 400), Motion to Suppress Electronic Surveillance (Doc. 464), Motion to Suppress Physical Evidence and Statements (Doc. 465), and Motion to Suppress Identification (Doc. 466) will require consideration of fact issues.

4. The Motion to Sever (Doc. 468) will require argument on a question of law *and* consideration of fact issues.

Having reviewed the subject motions and Griffin's notice regarding the same, and considering the applicable authority, the Court **ORDERS** as follows:

### *Oral Argument – Defendants Present*

The following motions will be set for oral argument the week of November 14, 2022, at a date and time when Defendants are present:

1. Motion to Exclude Testimony and Evidence Regarding Historical Sell Site Information and Dellebrite UFED Tool (Doc. 400);
2. Motion to Suppress Electronic Surveillance (Doc. 464);
3. Motion to Suppress Physical Evidence and Statements (Doc. 465);
4. Motion to Suppress Identification (Doc. 466); and
5. Motion to Sever (Doc. 468).

### *Oral Argument – Attorneys Only*

The following motions will only involve argument on questions of law:

1. Motion for Disclosure of *Brady* and *Giglio* Evidence (Doc. 443); and
2. The separate Motions for a Written Proffer and Pretrial Determination of Admissibility of Co-Conspirators' Statements Under Federal Rule of Evidence 801(d)(2)(E) (Docs. 391 and 444).

Neither Griffin, nor any co-defendant, must be present when these motions are presented to the Court. The Court will set these motions for oral argument the week of November 14, 2022, on a day reserved for attorneys-only argument:

The Court will provide additional information regarding the date and time that the specified motions will be heard in a separate order.

**IT IS SO ORDERED.**

Dated: November 7, 2022

s/ David W. Dugan
_____
DAVID W. DUGAN
United States District Judge