IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-CR-30003-DWD |
| | ) | |
| FRANK SMITH, | ) | |
| WARREN GRIFFIN, | ) | |
| ANTHONY DOBBINS, | ) | |
| SEAN CLEMON, | ) | |
| DOMINIQUE MAXWELL, | ) | |
| PERRY HARRIS, and | ) | |
| BARRY BOYCE, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Pending before the Court is Defendant Frank Smith's Motion to Suppress Evidence Seized from Electronic Devices (Doc. 634). Generally, Smith contends that "discovery reveals that law enforcement instead conducted a general search of the devices and seized information that not even arguably fall within any of the…categories" contained in the list of items to be seized. (Doc. 634, pg. 2). The Government responded in opposition to the Motion. (Doc. 670).

### BACKGROUND

The general nature and background of this case is well described in the many filings of the parties and the Orders of the Court. Therefore, there is no need to repeat that information, except as may be relevant.

On July 21, 2020, an Application and Affidavit was submitted by a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATF") to secure a search warrant for the search of a home in Naperville, belonging to Smith. (Doc. 634, Exh. 1). Within the search warrant application was "Attachment B" entitled "List of Items to be Seized." *Id* at 29. Included in the list was a reference to "cellular telephones reasonably believed to be possessed or used by Frank Smith." *Id.* The application was approved, and law enforcement conducted a search of the residence during which cellular and electronic devices were seized. Smith argues that "law enforcement ignored entirely the parameters of the search warrant and simply seized all data contained on the electronic devices," thereby "exceed[ing] the scope of the warrant and violat[ing] Smith's Constitutional rights." (Doc. 634, pg. 4). Consequently, Smith contends the suppression of all seized evidence from devices and derived data, which was not contained in the warrants list of items to be seized, is necessary. *Id.* [1]

## LEGAL STANDARD

"General warrants do not satisfy the requirement of the Fourth Amendment that the warrant contain a description of the place to be searched and the persons or things to be seized." *U.S. v. Jones*, 54 F.3d 1285, 1289–90 (7th Cir. 1995) (citing *U.S. Constitution amend. IV*; *Dalia v. U.S.*, 441 U.S. 238, 255 (1979)). This particularity requirement protects persons against the government's indiscriminate rummaging through their property. *See Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). In other words, "the manifest purpose

---

[1] Smith does not appear to contest the search warrant or the seizure of the cellular devices themselves, but only certain data located on the storage media. (Doc. 634, pg. 1)

of the requirement is to prevent the wide-ranging exploratory searches that the Framers faced and to limit each search to the specific areas and things for which there is probable cause." *U.S. v. Kelly*, 772 F.3d 1072, 1081 (7th Cir. 2014) (citing *Maryland v. Garrison*, 480 U.S. 79, 84 (1987)).

"The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is to be left to the discretion of the officer executing the warrant," *Jones*, 54 F.3d at 12890 (citing *Marron v. U.S.*, 275 U.S. 192, 196 (1927)), or his judgment and interpretation. *U.S. v. Hall*, 142 F.3d 988, 992 (7th Cir. 1988) (search for "obscene" material too broad); *U.S. v. Spilotro*, 800 F.2d 959 (1986) (where the warrant authorized a search for evidence of a violation of thirteen broad criminal statutes). "In practice, courts have therefore demanded that the executing officers be able to identify the things to be seized with reasonable certainty and that the warrant description must be as particular as circumstances permit." *U.S. v. Brown*, 832 F.2d 991, 996 (7th Cir. 1987), *cert. denied*, 485 U.S. 908, 108 S. Ct. 1084, 99 L.Ed.2d 243 (1988).

## Discussion

Relevant at this juncture is the premise that a defendant who seeks to suppress evidence bears the ultimate burden of proof and persuasion in making a prima facie showing of illegality. *See U.S. v. Barrera-Martinez*, 274 F. Supp. 2d 950, 955 (N.D. Ill. 2003) (citing *U.S. v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992)). But, more to the point, "a trial court need only grant a suppression hearing when a defendant presents facts justifying

relief, that is, facts which are definite, specific, detailed and nonconjectural." *U.S. v. Hamm*, 786 F.2d 804, 807 (7th Cir. 1986).

Smith's motion does not point to any specific piece of evidence he believes was seized contrary to the search warrant. Rather, he seeks to suppress "all data associated with emails from and received by the devices"; "all data associated with calendars on the devices"; and "all data associated with web browsing history on the devices." (Doc. 634, pg. 3). He claims that such data was not identified in the "List of Items to be Seized" and any seizure of that data was not the result of a particularized search.

From the outset, it becomes apparent that properly assessing whether evidence was seized inappropriately is fraught with difficulty without first determining whether Smith's loosely defined categories of allegedly wrongly seized evidence (*e.g.*, data associated with emails and electronic calendars and browsing history) fit or do not fit within the descriptions given in the "List of Items to be Seized." These difficulties are well-demonstrated by the unique nature of electronic data and its relative mobility and susceptibility to disguise and secretion. Such data can be readily moved, modified, or copied into a variety of formats and readily hidden by location or description. Text data, calendar activity, and browsing information may by easily copied and placed in an email or other messaging platform to be forwarded to another, thereby effectively moving it from one category of data to another. The connections between, and the integration and interface of, various forms and formats of electronic data are practically limitless. So, Smith's request for suppression of "associated" data, without reference to a specific item or a readily identifiable group of evidence, would require the Court to sift through

4

thousands of pieces of evidence in the hunt for data that might fit, in whole or in part, within Smith's defined categories. The requirement that the movant seeking suppression present "facts which are definite, specific, detailed and nonconjectural" has not been met here. Thus, he has failed to carry his threshold burden.[2]

Smith nevertheless suggests that categories of evidence identified in Attachment B "limited the information to be seized from the devices to" all telephone calls, text messages, digital photographs, data indicating purchaser and user, and any SIM card to identify the associated cellular numbers. (Doc. 634, pgs. 2-3). He goes on to reason that because the data associated with emails, calendars, and browsing history were not particularly described in the warrant, law enforcement conducted a "general search" of the devices and seized information. (Doc. 634, pg. 6). Thus, Smith seeks categorial suppression of all evidence not specifically described in the list as emails, calendars, and browsing data.

"Although the fourth amendment requires that a search warrant describe the objects of the search with reasonable specificity, it need not be elaborately detailed," *U.S. v. Somers*, 950 F.2d 1279, 1285 (7th Cir.1991), *cert. denied*, 504 U.S. 917, 112 S. Ct. 1959, 118 L.Ed.2d 561 (1992), or that it minutely identify every item. *U.S. v Prewitt*, 553 F.2d 1082, 1086 (7th Cir. 1977).

---

[2]Defendant requested a hearing on the present motion. (Doc. 634). The record reflects that Smith filed the present motion out of time and two weeks after the Court set aside four days, in November 2022, for hearings on numerous other pending pre-trial motions. Smith did not indicate, at that time, he intended to file this particular motion, nor did he ask for an extension to file it. However, in the interest of the Court's and Counsel's time, and in deference to Defendant Smith and the looming trial date, the Court is nevertheless compelled to address the issues raised in the motion.

Here, the Addendum to Attachment B acknowledges and authorizes law enforcement to review for "examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether that data falls within the items to be seized as set forth in Attachment B." (Defense Exhibit 2, pg. 8). Clearly, the warrant authorized the search for and of the devices, and the record does not support the contention that the search reached the level of a "rummaging" or a "dragnet sweep" of Smith's property. A careful examination of the record reveals that, while the warrant does not define with exactitude each datum to be seized, it does adequately reference "other records relating to the Gangster Street Gang…that are contained in a cellular telephone or other electronic storage media." (Doc. 670-1, pgs. 29-30; Attachment B, ¶¶ 4, 6). As the Government points out, emails and calendar files, along with associated data, might well reveal photographs of members of the organization, member identities, meeting information, meeting attendees, organizational and member activities, digitally recorded bills, invoices, and receipts, and other electronic evidence that fit within the categories of evidence identified in Attachment B. These references adequately created a scope for the search that reasonably encompassed Smith's loosely defined categories of emails, calendar items, and browsing history, without infringing on the Smith' Fourth Amendment rights. *See U.S. v. Evans*, 92 F.3d 540, 543 (7th Cir. 1996) (A warrant to search a house or other building authorizes the police to search any closet, container, or other closed compartment in the building that is large enough to contain the contraband or evidence that they are looking for).

## CONCLUSION

For the reasons stated above, Defendant Frank Smith's Motion to Suppress Evidence Received from Electronic Devices (Doc. 634) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 18, 2023

DAVID W. DUGAN
United States District Judge