IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 21-CR-30003-DWD |
| FRANK SMITH, ) | |
| WARREN GRIFFIN, ) | |
| SEAN CLEMON, and ) | |
| DOMINIQUE MAXWELL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

On August 10, 2022, Defendant Clemon filed a Motion to Strike Surplusage (Doc. 393) from the Indictment (Doc. 1) under Federal Rule of Criminal Procedure 7(d). That Motion included, *inter alia*, an exhibit with proposed strikes to the Indictment. (Doc. 393-2). On September 14, 2022, Defendant Smith also filed a Motion to Strike Surplusage (Doc. 440) under Rule 7(d). Defendant Griffin was subsequently allowed to join those Motions.

On November 17, 2022, the Court denied Defendant Clemon and Smith's Motions, as moot, because "the Court [wa]s not inclined to send the indictment to the jury and any remaining issues [could] be addressed in a motion *in limine*, limited to issues contained in the Motions."[1] (Doc. 612). However, since that time, the Court has revisited its position on whether or not to allow the jury to access the Superseding Indictment (Doc. 671) during its deliberations. The Court raised the issue with Defendants' attorneys and the

---

[1] Defendant Clemon filed such a Motion *in Limine* (Doc. 630) on November 28, 2022. That Motion *in Limine* was denied on January 22, 2023. (Doc. 782).

Government, outside the presence of the jury, on February 23, 2023. The Court indicated, despite its prior ruling, "there's really no way that we can hope to inform the jury well and give them a good set of instructions without sending an indictment back in some form." The Court further indicated that it sought to give the parties this information "as soon as possible because hopefully between now and this time tomorrow you might have a chance to address this issue of what portions of the indictment should be redacted and which should remain." Defendants' attorneys were asked to review the Superseding Indictment in an effort to reach a consensus as to any necessary redactions. The Court also noted that it would consider alternatives to allowing the jury to access the Superseding Indictment, *e.g.*, an exhibit, a matrix, or an additional jury instruction.

On the evening of February 23, 2023, the Government submitted a Proposed Redacted Superseding Indictment. Defendant Clemon also submitted a one-page document, related to alleged overt acts, indicating an abbreviated approach to redacting the Superseding Indictment. These were the only documents submitted on the issue.

However, on February 27, 2023, Defendant Clemon reminded the Court of his prior position at Doc. 393 and objected to introductory portions of the Superseding Indictment that were left unredacted by the Government.[2] Defendants Griffin and Maxwell advocated for the approach taken in the Motions at Docs. 393 & 440. Defendant Smith indicated he had objections to the Government's Proposed Redacted Superseding Indictment, related to alleged overt acts, that he would discuss with the Government.

---

[2]The Court notes that Defendant Clemon, in his Motion at Doc. 393, only sought minimal strikes to the introductory portions of the Indictment.

After consulting with Defendant Smith's attorney about concerns with the Government's Proposed Redacted Superseding Indictment, the Government submitted an updated Proposed Redacted Superseding Indictment to the Court on February 28, 2023.

"Surplusage should not be stricken [from the indictment] unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *See U.S. v. Natalizio*, 611 Fed. Appx. 347, 351 (7th Cir. 2015) (quoting *U.S. v. Peters*, 435 F.3d 746, 753 (7th Cir. 2006)). In *Natalizio*, a grand jury returned a 22-page, 12-count indictment against 7 defendants. *See id*. The district court was "[c]onfronted with dueling redacted indictments or the option to provide no indictment [to the jury] at all." *See id*. The district court found the jury should receive the indictment in its deliberations, stating " 'particularly in this case it's actually, probably more than in some, going to be more helpful. You've got multiple defendants here.' " *See id*. The district court gave the jury the Government's version of the redacted indictment, "and instructed the jury that 'the indictment is simply the formal way of telling the defendants what crime they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt.' " *See id*. The Seventh Circuit affirmed, finding it was "self-evident" that the indictment was relevant to the charges. *See id*. Further, the Seventh Circuit noted the district court's conclusion that the Government's redacted indictment "was better because it was less confusing to the jury." *See id*. That conclusion was grounded in a concern for a fair trial and was not inflammatory and prejudicial. *See id*. at 351-52.

Here, the Government was the only party to submit a proposed redacted Superseding Indictment. That point aside, though, the allegations left in the Proposed

Redacted Superseding Indictment are clearly relevant to the four remaining Defendants and the nine remaining charges. Further, the purpose of revisiting this issue was to assist the jury and ensure a fair trial for Defendants, *i.e.*, to ensure the jury is well-informed, not confused, and able to navigate the jury instructions on the nine remaining charges. To this end, the Government redacted references to, *inter alia*, Defendants who have pled guilty, certain overt acts, and unpursued charges. The unredacted portions of the Superseding Indictment are neither inflammatory nor prejudicial in light of the evidence presented at trial, and the jury will receive the same limiting instruction as in *Natalizio*.

For these reasons, the Court **FINDS** it appropriate to submit the Government's most recent Redacted Superseding Indictment, attached at Doc. 838-1, to the jury to assist in its deliberations. However, consistent with that Redacted Superseding Indictment and in the Court's discretion, the Forfeiture Provisions therein are also **ORDERED** redacted.

**SO ORDERED.**

Dated: February 28, 2023.

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge