IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                            )<br>                       Plaintiff,       )<br>                                                            )<br>vs.                                                      )<br>                                                            )      Case No. 21-CR-30003-DWD<br>FRANK SMITH,                                )<br>WARREN GRIFFIN,                      )<br>SEAN CLEMON, and                     )<br>DOMINIQUE MAXWELL,             )<br>                                                            )<br>                       Defendants.    )| |

## MEMORANDUM & ORDER

Defendants Clemon, Smith, and Griffin filed Motions for a Pre-Trial Determination of the Admissibility of Co-Conspirator Statements under Federal Rule of Evidence 801(d)(2)(E). (Docs 391, 444, and 470). Each Defendant contended the out-of-court statements to be offered by the Government, mostly in the form of intercepted calls and text messages extracted from cell phones, were hearsay, and requested that the Court conduct a pre-trial determination pursuant to *U.S. v Santiago*, 582 F. 2d 1128 (7th Cir. 1978). The Court declined to do so and instead conditionally admitted the co-conspirator statements, subject to the Government presenting sufficient supporting evidence at trial.

During the first days of the trial, the Government began to introduce text messages and numerous recordings of conversations derived from wiretaps and jail calls. The Government also provided transcripts of the recordings for the benefit of the Jurors, Court and parties. The voices on each of the recordings were identified by a testifying

witness. Some recordings contained voices identified as those of Defendants, as well as those of others who are allegedly Gangster Disciple members and co-conspirators.

In an effort to organize Defendants' numerous hearsay objections to the recordings and text messages, and to facilitate the Court's ruling on the issues, the Court directed Defendants to specifically identify "the statement(s) for which the Defendant claims that the Government did not meet its burden under Rule 801(d)(2)(E) and Seventh Circuit precedent." (Doc. 805). The Court also noted that "[i]f, at the close of its case, the Government has not met its burden of showing certain statements are admissible, then Defendants may move to strike those statements or for a mistrial." (Doc. 805). In compliance with that Order, Defendant Griffin filed his Motion for Mistrial or, in the alternative, to Strike Hearsay Statements (Doc. 832). Defendant Griffin subsequently supplemented that Motion. (Doc. 842). Defendants Clemon and Smith also filed their respective Notice of Compliance with Doc. 805 and Objection to Statements Conditionally Admitted Pursuant to Rule 801(d)(2)(E) (Docs. 830 and 831).

"Hearsay" is a statement that (1) the declarant does not make while testifying at the current trial or hearing, and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if intended as an assertion. Fed. R. Evid. 801(a). A "statement" is something that its maker intends as an assertion of a proposition that could be true or false. *U.S. v. Chavez*, 951 F.3d 349, 358 (6th Cir. 2020). Generally, hearsay statements are inadmissible. *See* Fed. R. Evid. 802. It is incumbent upon a party, objecting to the introduction of hearsay evidence, to timely object and state

the specific ground therefor, unless it was apparent from the context. *See* Fed. R. Evid. 103(a)(1). A general objection to the evidence or a specific objection on other grounds will not preserve the issue for review. *U.S. v. Wynn*, 845 F.2d 1439, 1442 (7th Cir. 1988)

Relevant here, Rule 801(d)(2)(E) provides an exception to the rule against the admission of hearsay evidence where the statement is offered against an opposing party and was made by the party's co-conspirator during and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E). The statement must be considered but it does not, by itself, establish the existence of or participation in the conspiracy under Rule 801(d)(2)(E). Fed. R. Evid. 801. "Under Rule 801(d)(2)(E), co-conspirator statements are admissible against a defendant if the trial judge finds by a preponderance of the evidence that (1) a conspiracy existed, (2) the defendant and the declarant were involved in the conspiracy, and (3) the statements were made during and in furtherance of the conspiracy." *U.S. v. Davis*, 845 F.3d 282, 286 (7th Cir. 2016). In considering whether to admit alleged co-conspirator statements conditionally, the district court may consider the contents of the statements themselves. *Id*. However, the record must also contain independent evidence that corroborates the existence of the conspiracy and the participation of the defendant and the declarant. *Id*. Standing alone, the statements themselves will not suffice. *Id*.

"In furtherance," under Rule 801(d)(2)(E), is broadly defined. Statements that promote the objectives of the conspiracy are "in furtherance" of that conspiracy. *U.S. v. Gajo,* 290 F.3d 922, 929 (7th Cir. 2002) ("We consider statements to be 'in furtherance of' the conspiracy when they promote the conspiracies objectives."). As such, courts look for a reasonable basis for concluding the statements furthered the conspiracy's objectives. *See*

*U.S. v. Shoffner*, 826 F.2d 619, 628 (7th Cir. 1987). In this context, the statements may be susceptible to alternative interpretations and still be "in furtherance" of the conspiracy. *See id*. Likewise, the statements need not be exclusively or primarily made to further the conspiracy. *See id*. Courts have gone so far as deciding "a statement need not be necessary or even important to the conspiracy…as long as it can be said to advance the goals of the conspiracy in some way." *U.S. v Arias*, 848 F. 3d 504, 516 (1st Circ. 2017).

A statement is "in furtherance" of a conspiracy if it is "part of the information flow between conspirators intended to help each perform a role," which may, for example, be a statement to "control damage to an ongoing conspiracy or [to] keep conspirators advised about the progress of the conspiracy." *U.S. v. Johnson*, 927 F.2d 999, 1002 (7th Cir. 1991). This notion is especially relevant in the present case, where an expansive Gangster Disciples organization is at issue. In such a circumstance, statements that relay information about past crimes or participants and their roles in a conspiracy may serve to preserve or maintain the conspiracy. *See U.S. v. Cozzo*, No. 2-400, 2004 WL 1151630, *3 (N.D. Ill. April 28, 2004) (discussing *U.S. v. Westmoreland*, 312 F.3d 302, 309-10 (7th Cir. 2002), and *U.S. v. Russo*, 302 F.3d 37, 46-47 (2d Cir. 2002)); *see also U.S. v. Weaver*, 507 F. 3d 178, 186 (3d Circ. 2007) (statements constituting attempts to conceal a scheme, so that it may continue, can be "in furtherance" of the conspiracy). As noted by the Second Circuit in *Russo*, "an organization cannot function properly unless its members and persons who do business with it understand its membership, leadership[,] and structure. The operation of such a syndicate requires that information be passed among interested persons, advising them of the membership and the hierarchy." *Russo*, 302 F.3d at 46-47.

Further, co-conspirators' statements, reflecting arrangements for funding or transportation, are "in furtherance" of the conspiracy. *U.S. v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007). Statements "to induce enlistment or further participation in the group's activities," "to prompt further action on the part of conspirators," "to reassure members of a conspiracy's continued existence," "to allay a co-conspirator's fears," and "to keep co-conspirators abreast of an ongoing conspiracy's activities" meet the "in furtherance" requirement. *U.S. v. Alcorta*, 853 F.3d 1123, 1137 (10th Circ. 2017) (quoting *U.S. v. Perez*, 989 F.2d 1574, 1578 (10th Cir. 1993)); *U.S. v. Roldan-Zapata*, 916 F.2d 795, 803 (2d Cir. 1990); *Shoffner*, 826 F.2d at 628. Finally, a defendant may be a member of two conspiracies, and a conspiracy larger than that charged at trial may provide the basis for the admission of coconspirator statements. *See U.S. v. Marino*, 277 F.3d 11, 25-26 (1st Cir. 2002).

Here, the Court recognized that the complexity and number of exhibits, together with the need for the judicious management of the jurors' time, called for a process whereby, once the Defendant voiced his objection to a specific statement claimed to be inadmissible hearsay and after the document was conditionally admitted, the Defendant be permitted to address Rule 801(d)(2) in writing at a later time. To facilitate this, the Court's text order (Doc. 805) extended to Defendants the opportunity to utilize the recordings and transcripts to identify specific statements made by alleged co-conspirators as part of their hearsay objections, and to contest the operation of the Rule 801(d)(2)(E) exception. However, only Defendant Smith's team attempted to identify specific statements that it claimed to be hearsay and not subject to the co-conspirator exception. Defendants Clemon and Griffin, who levied by far the most objections to the evidence,

only objected to the recordings as whole.[1] That is, they failed to point to any specific statement within the recordings that they believed to be hearsay and not subject to the Rule 801(d)(2)(E) exception.

On a number of occasions during trial, the Court inquired, without success, for the identification of a specific statement within a text or recording that the objector believed to be hearsay.[2] Now, Defendants' filings, offered in compliance with the Court's Order (Doc. 805), also fail to identify specific statements within the recordings and documents that they claim to be hearsay and not subject to exception.[3] The Court believes it is the burden of Defendants to first identify, as hearsay, the specific "statement" within an exhibit, before taking up the argument that the Government failed to meet its obligation to show that Rule 801(d)(2)(E) supplies the exception. Each Defendant failed to meet this burden.

Griffin, in his approximately 80 objections, offers not a single reference to a specific statement that is claimed to be hearsay. Griffin points only to the entirety of the documents, wiretap call conversations, jail calls, "excerpts from Warren Griffin cell phone," and other cell phones and recorded videos. (Docs. 832 & 842). Many recordings

---

[1] A recording of another's voice or a document is not inherently "hearsay." Rather, it is only a "statement" contained within the recording or document that can be "hearsay." And, not all discussions or conversations within a recording or document are "statements" for Rule 801 purposes. So, to object to the entire recording or document as being "hearsay," without specifically identifying the "statement," as Defendants have done in this matter, is problematic.

[2] The Order (Doc.805) provides that, "when raising an objection under Rule 801(d)(2)(E) during the course of the trial, the Court believes it is incumbent upon each defendant to identify the specific statement that is the subject of the objection."

[3] The Order (Doc. 805) states: the "Court **ORDERS** that any such objection be reduced to writing, specifically identifying the statement(s) for which the Defendant claims that the Government did not meet its burden under Rule 801(d)(2)(E) and Seventh Circuit precedent."

objected to by Griffin did not reference him at all, and the basis of his objection is not entirely clear. In a number of the exhibits to which Griffin objected, it is quite arguable that no "statement" was made. In many other exhibits, it is clear that the discussion did not contain a "statement" offered to prove its truth. Still, a considerable number of the recordings related to the prospective plans, intentions, and perceptions of the speaker. And, of course, in others, Griffin was himself a participant in the conversation.

Defendant Clemon identifies five recordings that "contain hearsay statements which are inadmissible pursuant to Rule 801(d)(2)(E) and *Davis*." He adds that he objects to "all statements made by other parties" contained in each of those five exhibits. Defendant Clemon also objects to the Government introducing, through its witness, Damien Madison, "numerous hearsay statements." However, Defendant Clemon does not specifically identify such statements and, consequently, has failed to comply with this Court's Order (Doc. 805). In addition, looking at Defendant Clemon's objections to Government Exhibits 33-37 reveals, much like the 80 or so objections of Defendant Griffin, recorded discussions that are not clearly "statements" under Rule 801.

Defendant Smith lists approximately 40 exhibits, all recordings, that he claims "contain hearsay statements which are inadmissible pursuant to Rule 801(d)(2)(E) and *Davis*." In relation to the 40 exhibits, he specifically identifies only five statements by referencing time stamps that are derived from transcripts provided by the Government. With respect to the other 35 exhibits listed, Defendant Smith's only identification is "all statements made by" a specific person or "by other parties." Therefore, Defendant Smith complied, in part, with this Court's order by specifically identifying statements that he

claims constitute impermissible hearsay and that are not otherwise admissible under Rule 801(d)(2)(E). Those identified statements will be addressed individually.

*I. Defendant Smith's Specifically Identified Statements*

The first statement that Defendant Smith specifically identifies is contained in Government's Exhibit 38 at 48:28, which provides, in pertinent part, that an unidentified Speaker 1 says "I call Red Beard." That statement is not hearsay because it seems only to suggest the speaker's intention to do something in a future hypothetical setting. In other words, the statement was not offered for its truth.

The second statement that Defendant Smith specifically identifies is contained in Government's Exhibit 39, between time stamps 2:06 and 4:26, presumably when the parties discuss a process known as "code black," which means to terminate communications due to friction within or between those in the group. Specifically, the participants discuss that "Red Beard," which is Defendant Smith's moniker, said that until certain tasks were done with certain other individuals, the entire "country [would go] on black." One of the speakers, Wheeler, discounts this by stating, "you can't put the whole…country on black." But, even if these statements are hearsay, Rule 801(d)(2)(E) permits their admission because they are clearly "in furtherance of" the conspiracy, as they merge to address the roles and the preservation of power within the conspiracy. Moreover, there was ample other sources of evidence admitted at trial to support the assertion that Wheeler and Defendant Smith were both part of the same conspiracy.

Next, Defendant Smith objects to Wheeler's reference to Red Beard in Exhibit 40. The only reference to Red Beard is Wheeler's directive to the other speaker to call Red

Beard. This colloquy does not contain a "statement" nor was it offered to prove its truth. Therefore, the exchange complained of in Exhibit 40 is not impermissible hearsay.

Defendant Smith next objects to references to "Little Frank" in Exhibit 41, specifically, discussions about him being "scared" and that "Frank don't want to be involved because of what's going on." Later in the conversation, Wheeler relays that "Little Frank" was told people were "being monitored and recorded[,] buddy you need to stay your ass out the mob." While such statements are arguably hearsay, they are admissible under Rule 801(d)(2)(E) because they provide context to ongoing events and relate to the plans of the organization and its leaders, as well as the possible detection of law enforcement.

Finally, Defendant Smith objects to references to Red Beard, beginning at time stamp 2:34 of Exhibit 42. While not entirely clear from Defendant Smith's Objections, it appears he objects to the statement of Wheeler that "Red Beard sent word down there and Slim, they killed Slim where he was at…but the other people that GG did talk on, he told them they wasn't that…[b]ecause you just can't make nobody without talkin to the majority." Smith does not point to a part of the statement that he feels is hearsay. Assuming the colloquy is hearsay, it is admissible under Rule 801(d)(2)(E) because it provides context to and clearly serves to further the conspiracy, as it addresses changes in leadership and the way that positions of authority are filled in the Gangster Disciples.

*II. Defendants' Objections to the Recordings in their Entirety*

Nearly every exhibit in evidence complained of by Defendants contains lengthy conversations and exchanges, some of which are replete with "statements" while others

arguably contain no statement or assertion of fact. In many exhibits, the "statement" was clearly not offered for the truth of the matter asserted. At the same time, some statements were made by a person identified as one of Defendants. Some of the exhibits contained "statements" that might arguably be considered hearsay under Rule 801(c), but not hearsay under Rule 801(d)(2). In some instances, a recording contained a mixture of statements, non-statements, and potential hearsay, such that separation of the dross from the jewel cannot easily be accomplished. So, by objecting to or referencing only entire exhibits, recordings, or videos, instead of the specific statements as the Court directed, the Court is essentially called upon by Defendants to wade through a sea of lengthy exhibits to somehow locate and identify parts of conversations that might form a "statement." Then, the Court would need to determine whether those words constitute inadmissible hearsay. This entire exercise is all dependent upon whether the part of the conversation being considered happens to be the same statement that Defendant was thinking of when the objection was made.

It is beyond the Court's grasp to understand why the objecting Defendants chose not to comply with the Court's order (Doc. 805) and Rule 103, and provide to the Court the statement claimed to be hearsay and not within the 801(d)(2)(E) exception. Each Defendant before and throughout the trial had at his disposal the recordings and transcripts of recordings. Each Defendant was also given the opportunity to use the recordings and transcripts of the recordings to give some precision to his objection both at the time the objection was raised and in compliance with the Court's Order (Doc. 805). Still, no Defendant would in the end point to a specific statement within an exhibit for

the Court to assess the validity of the hearsay objection. Probably no more apropos words have been written to describe the Court's impression of the "objections" raised here than those scribed by Judge Stanley J. Roszkowski: "Judges are not like pigs, hunting for truffles buried in briefs." *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); *see also Garlington v. O'Leary*, 879 F.2d 277, 282 (7th Cir. 1989) (Seventh Circuit stating, in appeal involving arguments under Rule 801(d)(2)(E), the district court was not required to investigate the pleadings and evidence for additional arguments under that rule to support a habeas petition).

Nevertheless, the Court, both during and after the Government's case-in-chief, reviewed the exhibits that Defendants claimed contained hearsay and were not subject to exception under Rule 801(d)(2)(E). Based upon the testimony of the witnesses presented at trial, in conjunction with the recordings and other exhibits, the Court **FINDS** by a preponderance of the evidence that one or more conspiracies existed among those associated with the Gangster Disciples, including Defendants themselves. The evidence presented clearly established that the conspiracies were, at all relevant times, expansive both geographically and in method of operation. The evidence bears out that the Gangster Disciples is and has been, for some time, a vast enterprise of numerous actors and conspirators, some of whom had their voices recorded and text messages captured and presented as exhibits at trial. The Court **FURTHER FINDS** that its examination of the exhibits, to which hearsay objections were made, reveals that the statements contained therein were not hearsay under Rule 801(c) or, if hearsay, were either not inadmissible due to exception or were made "in furtherance of" the conspiracy under Rule

801(d)(2)(E). To the extent that any such statement is not excepted under Rule 801(d)(2)(E), the Court finds that its admission did not prejudice any substantial right of a Defendant.

Accordingly, as ruled on during trial and consistent with this Memorandum & Order, the objections raised at Docs. 830, 831, 832, and 842 are **OVERRULED** and the relief otherwise requested therein is **DENIED.**

**SO ORDERED.**

Dated: March 10, 2023.

DAVID W. DUGAN
United States District Judge