IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-30003-DWD |
| | ) | |
| FRANK SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

*Re: Pleadings as to Hakimah Jabbar, Interested Party*

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter is before the Court on a slew of motions recently filed by interested party Hakimah Jabbar. Specifically, on May 8, 2023, the following pleadings were filed in this case: (1) Motion for Full Disclosure of Documents (Doc. 923); Motion for Full Disclosure of Witnesses and Evidence (Doc. 924); Interrogatories (Doc. 925); and Motion for Subpoena Duces Tecum (Doc. 926). Also pending is Ms. Jabbar's Motion to Serve Notice of Order (Doc. 895).

I. Background

On May 8, 2023, an individual hand delivered the aforementioned pleadings to the Clerk's Office for filing in this case. The pleadings are signed by Hakimah Jabbar and are purportedly filed on behalf of the "United States Monarchy." Similar pleadings were filed in this case on March 20, 2023 (Motion for Adjudication of Interest in Forfeited Property as to Frank Smith) (Doc. 875); April 11, 2023 (Motion for Requisite Nexus and Hearing)

(Doc. 887); and April 24, 2023 (Motion to Serve Notice of Order) (Doc. 894). The Motion for Adjudication of Interest in Forfeited Property as to Frank Smith (Doc. 875) and the Motion for Requisite Nexus and Hearing (Doc. 887), which were related to Ms. Jabbar's alleged interest in the forfeited property of Frank Smith, were denied as premature (Doc. 890).

Ms. Jabbar's Motion to Serve Notice of Order is still pending and was set for hearing on May 18, 2023 (Docs. 895 and 896). The purpose of the hearing was to hand deliver a copy of the Court's order at Doc. 890, which Ms. Jabbar claimed she never received. The Court subsequently decided that an in-person hearing was unnecessary and cancelled the hearing. Instead, the Court will address all of Ms. Jabbar's pending motions in the instant order.

## II. Discussion

### A. Motion to Serve Notice of Order

On April 24, 2023, an individual identifying herself only as Tina entered the Courthouse and provided the Clerk of Court with a Motion to Serve Notice of Order. (Motion to Serve) (Doc. 894). Ms. Jabbar previously filed motions indicating that she was petitioning for an adjudication of interest in the forfeited property of Defendant Frank Smith (Docs. 875 and 887). The Court denied the motions as premature (Doc. 890).

The Motion to Serve Notice of Order asks the Court to serve Ms. Jabbar with a copy of the Court's Order denying Mr. Jabbar's earlier filed motions as premature. The docket reflects that, on April 14, 2023, a copy of the Court's Order denying the motions as premature was mailed to Mr. Jabbar at the address she provided in Columbus, Ohio.

Ms. Jabbar claims she never received a copy of the order. Accordingly, out of an abundance of caution, the Court **DIRECTS** the Clerk to mail an additional copy of the order to Ms. Jabbar at the address on file with the Court.

### B. Pleadings Submitted for Filing on May 8, 2023

In her most recent pleadings, Ms. Jabbar, on behalf of the "United States Monarchy," (1) seeks information pertaining to her pleadings, (2) attempts to subpoena the Clerk of Court, and (3) seeks to submit interrogatories to the Clerk of Court. Although not entirely clear, it appears Ms. Jabbar has concerns as to whether her pleadings are being filed in accordance with applicable rules. The Court addresses each pleading in turn below.

*Motion for Full Disclosure of Documents*

In this pleading, "[t]he United States Monarchy" requests "[f]ull disclosure of filings received before or on March 18, 2023, described as filings 'from Hakimah Jabbar, mailed from a residential address in Columbus, Ohio." In support of her request, the filer references the Illinois Rules of Civil Procedure and requests that the Clerk of Court comply with the requested production before the May 18, 2023 hearing. The motion is due to be denied for several reasons. First, the Illinois Rules of Civil Procedure do not apply in this case (a criminal case proceeding in federal court). Second, it is entirely unclear how Ms. Jabbar has standing to bring any claims in this action on behalf of the "United States Monarchy." That being said, as a courtesy, the Court will mail a copy of the subject pleading to Jabbar. It appears that Ms. Jabbar is requesting a copy of the pleading filed at Doc. 875 and information pertaining to its receipt by the Court. A copy

of the subject pleading and the envelope it was mailed in is attached to this order as Exhibit A.[1] The Court **DIRECTS** the Clerk of Court to mail a copy of the attached exhibit to Ms. Jabbar at the address on the docket sheet. The Court further **DIRECTS** the Clerk to mail Ms. Jabbar file-stamped copies of all pleadings she has filed in this action (Docs. 875, 887, 894, and 923-26). Any additional requests contained in this motion are denied.

*Subpoena Duces Tecum and Full Disclosure of Witnesses and Evidence*

As with the Motion for Full Disclosure of Documents, the Subpoena Duces Tecum (Doc. 926) and the Notice of Full Disclosure of Witnesses and Evidence (Doc. 924) are signed by Ms. Jabbar and purportedly filed on behalf of the "United States Monarchy." The pleadings include a purported subpoena directing the Clerk of Court to appear and testify at the hearing on May 18, 2023, and a notice indicating that the filer intends to call the Clerk of Court to testify at the hearing. The previously scheduled hearing has been cancelled as such, the request for issuance of a subpoena in connection with the hearing and Notice regarding an expected witness are moot.

However, even if the hearing had not been cancelled, the Court would deny the requested relief. The purported subpoena does not comply with Federal Rule of Civil Procedure 45. It does not contain a clerk's signature or seal, which would indicate that it was issued by the Clerk of the Court for this District. Instead, it appears to have been created and signed by Ms. Jabbar as a *pro se* individual. While Rule 45 allows an attorney to issue and sign a subpoena, it does not permit *pro se* individuals to issue and sign a

---

[1] The motion was filed at Doc. 875, but the mailing envelope was not docketed. The Court is attaching a copy of the motion and the mailing envelope as an exhibit to this order.

subpoena. *See* Fed. R. Civ. P. 45(a)(3). Further, the Court has an obligation to protect persons subject to a subpoena and may preview subpoenas to ensure that the Courts subpoena power is not being abused. FED. R. CIV. P. 26(b)(2)(C); *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996); FED. R. CIV. P. 45(c). In the instant case, the Court would not have approved the issuance of a subpoena directed to the Clerk of Court in connection with the May 18, 2023 hearing. As previously noted, it is entirely unclear how Jabbar has standing to bring claims on behalf of the United States Monarchy. Further, the Court fails to see how testimony from the Clerk of Court would have been relevant to the proceedings previously scheduled for May 18, 2023.

Accordingly, the purported subpoena and the associated "Full Disclosure of Witnesses and Evidence" will be terminated as **MOOT**.

*Adjudication of Interrogatories*

In this pleading, Ms. Jabbar directs interrogatories and requests for production to the Clerk of Court. To the extent that the discovery document is related to the cancelled hearing, it is due to be terminated as moot. The Court further notes that the pleading is problematic for several additional reasons. First, the pleading is filed in accord with Illinois Supreme Court Rules, which are not applicable in this case. Second, pursuant to this Court's local rules, discovery documents are not filed on the Court's docket. Third, outside of Rule 45, which Ms. Jabbar has not complied with, the Federal Rules of Civil Procedure do not provide for serving interrogatories on non-parties and the Federal Rules of Criminal Procedure make no provision for answering interrogatories. Fourth,

5

the relevance of the information requested and the authority for requesting it are entirely unclear. Accordingly, the pleading is **STRICKEN**.

### III.   Conclusion

For the reasons stated herein, the Court **ORDERS** as follows:

1. The Motion to Serve Notice of Order (Doc. 894) is **GRANTED**. The Court **DIRECTS** the Clerk of Court to mail a copy of the Court's Order at Doc. 890 to Ms. Jabbar at the address on file with the Court.

2. The Motion for Full Disclosure of Documents (Doc. 923) is **DENIED**. The Court **DIRECTS** the Clerk of Court to mail Ms. Jabbar a copy of the exhibit attached to this order (a copy of Ms. Jabbar's motion filed at Doc. 875, including a copy of the envelope it was mailed in) and file-stamped copies of all pleadings filed by Ms. Jabbar to date (Docs. 875, 887, 894, and 923-926).

3. The Motion for Subpoena Duces Tecum (Doc. 926) and the Motion for Full Disclosure of Witnesses and Evidence (Doc. 924) are **TERMINATED** as **MOOT**.

4. The Interrogatories and Requests for Production (Doc. 925) are **STRICKEN**.

The Court further notes that the pleadings Ms. Jabbar has filed are reminiscent of abusive filings and arguments often advanced by "sovereign citizens," which the Seventh Circuit has described as being legally frivolous. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). Ms. Jabbar is **WARNED** that this Court has authority to protect itself from harassing and vexatious litigators. The continued filing of frivolous, nonsensical pleadings may result in sanctions, including a filing ban. *Alexander*

*v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).

**SO ORDERED.**

Dated: May 15, 2023

DAVID W. DUGAN
United States District Judge